Turley, J.
delivered the opinion of the court.
This is an action of trespass on the case, by James Johnson, trustee of Thomas Banes, to recover damages against William Austin, for the conversion of two mules, which had been conveyed to him in trust, for the security of Benjamin B. Williams, who was responsible as security for William Austin, for about the sum of fifteen hundred dollars, in two notes, payable to John Bell and David Bell, administrators of Thos. Bell, dec’d, The jury found a verdict for the plaintiff for the sum of one hundred and thirty dollars, upon which there was judgment, to reverse which this writ of error is prosecuted.
There is no objection taken to the charge of the court to the jury; but it is contended, that the deed of trust is fraudulent and void as to creditors, and that the defendant having purchased the mules at execution sale, he is protected by law from an action on the part of the trustee.
Whether the deed of trust were fraudulent in fact, has been submitted to a jury, and they have found that it was not; this finding we see no reason for interfering with: indeed it is not seriously contended that we should; but it is said, that the deed of trust is fraudulent in law. There is a variety of different articles of property, conveyed in the deed, of unascertained value, and in the conclusion of the deed, it is stipulated, that after *192 paying the debt specified, any balance that may remain, shall be paid to the vendor or his order. This, it is contended, vitiates the deed, because it is stipulated in favor of the vendor, and against his creditors, which is not permitted.
It is unquestionable, that a debtor in conveying his property in trust to secure a portion of his creditors, cannot stipulate for the enjoyment of a part of it in such a manner as to hinder and delay other creditors. But we are not able to perceive that the stipulation complained of, in this deed of trust, is of such a character.
If the property conveyed were obviously of greater amount than what was necessary to secure the debt provided for, this objection might have much weight; but it does not so appear, and the stipulation only amounts to what the vendor would have been entitled to without it, viz: to receive any small balance that might be left after paying the debt.
Why should he not be permitted to do this? No other creditor could get it, without his judgment and by bill or garnishment. And if the design in conveying the property were not actually fraudulent, we are not warranted in presuming, that any balance left, would not be fairly appropriated by the vendor.
We cannot say, that the stipulation under the circumstances is a fraud in a law which vitiates the trust.
Let the judgment be affirmed.